**GALVESTON, H. & S. A. RY. CO. v. FRIEDRICHS. (No. 6959.)**

(Court of Civil Appeals of Texas. San Antonio. May 9, 1923. Rehearing Denied June 6, 1923.)

**1. Appeal and error ⟨≈⟩1052(8)—Incompetent evidence held harmless.**

Where the issue in the case was proved by competent legal evidence, it did not matter that hearsay and incompetent evidence may have been admitted.

**2. Carriers ⟨≈⟩228(5)—Proof of carrier's failure to deliver as many hogs as received is prima facie case.**

Proof by plaintiff shipper that defendant railroad delivered fewer hogs than were received by it establishes a prima facie case, sufficient to support recovery in absence of evidence introduced by defendant.

**3. Carriers ⟨≈⟩228(3)—Evidence that part of hogs shipped were dead when received held admissible.**

Where carrier agreed to deliver hogs shipped to commission company at point of desti-

nation, which was done through a stockyards company, the report of that company that 75 live hogs and 8 dead ones had been received by it was admissible in shipper's action.

Appeal from Goliad County Court; J. C. Burns, Judge.

Action by Herbert Friedrichs against the Galveston, Harrisburg & San Antonio Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Fowler & Fowler, of Bastrop, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellant.

H. J. Passmore, of Robstown, for appellee.

FLY, C. J., This is a suit for the value of 8 hogs out of a shipment of 83 hogs delivered to appellant at Goliad to be transported to Fort Worth and there delivered to the Cassidy Southwestern Commission Company. The appellant answered by general demurrer and general denial. The cause was tried without a jury, and judgment rendered in favor of appellee for $115.12.

The facts show that on September 1, 1921, 83 hogs, in good condition, were delivered by appellee to appellant at Goliad, Tex., for transportation to Fort Worth, Tex., there to be delivered to the Cassidy Southwestern Commission Company. Only 75 of the 83 hogs were so delivered.

[1, 2] The court based his judgment upon a finding that 83 hogs were delivered to appellant by appellee for transportation to Fort Worth and for delivery to Cassidy Southwestern Commission Company, and that only 75 were so delivered. This was proved by competent legal evidence, and it does not matter, therefore, that hearsay and incompetent testimony may have been admitted. No effort was made by appellant to show that it performed its contract; but it was silent except to say to appellee, "Prove it on me if you can," and appellee did it. Appellee and his son, Herbert, swore without objection that they only received pay from their consignee for 75 hogs and F. E. Hurley, salesman for the consignees, testified to receiving only 75 hogs. It does not matter whether the 8 hogs missing were dead or alive. They were not delivered to the consignees, and appellant made no effort to account for them.

[3] Appellant agreed to deliver the hogs to the commission company at Fort Worth, and this was done through an agency of appellant known as "Fort Worth Stockyards Company," and the report of that agent that 75 live hogs and 8 dead ones had been received by such agent was properly admitted in evidence.

⟨≈⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is insisted that—

"Hurley never saw a single animal of the shipment until long subsequent to delivery, and knew no more about the delivery than the proverbial man in the moon."

However, he swore that he sold the hogs and that he sold them on September 22, 1921, which could not have been "long subsequent to delivery" because they left Goliad on September 21, 1921.

There is no merit in any of the assignments of error, and the judgment is affirmed.